# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN LOVE, JR.<br>25 Sheckells Lane<br>Huntington MD 20639<br><br>*Plaintiff,*<br><br>v.<br><br>BROADCASTING BOARD OF GOVERNORS[1]<br>330 Independence Avenue, S.W.<br>Washington, D.C. 20237<br><br>    SERVE:<br>    U.S. DEPARTMENT OF JUSTICE<br>    950 Pennsylvania Avenue, N.W.<br>    Washington, D.C. 20530<br><br>*Defendant.* | Case No. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND TO ENFORCE SETTLEMENT AGREEMENT

COMES NOW, Benjamin Love, Jr., by and through counsel, AXELSON, WILLIAMOWSKY, BENDER & FISHMAN P.C., and Justin M. Reiner, Esq., moves to enforce the terms of settlement stipulated by the parties, and in support thereof, states as follows:

### I.   INTRODUCTION

1. This is a civil action for declaratory and injunctive relief under the declaratory judgment statute, 28 U.S.C. §§ 2201 and 2202.

---

[1] The United States Information Agency upon information and belief was absorbed by the Department of State and the Plaintiff's employer, Voice of America, and other media programs are now under the Broadcasting Board of Governors. As the former Complaint was filed against the USIA, the Plaintiff files

2. Benjamin Love (hereinafter "Plaintiff" or "Love") seeks an order declaring that the Defendant is in violation of the April 19, 1999 binding stipulation settlement agreement between the Plaintiff and Defendants predecessor in interest (United States Information Agency vis-à-vis Voice of America ("VOA"), when VOA promoted the Plaintiff to a supervisory position – thereby violating the express and implied terms of the settlement agreement and depriving him of his bargaining unit member's rights and his rights under the Fair Labor Standards Act (hereinafter "FLSA"). Plaintiff seeks an order from this Court to enforce the terms of his prior settlement agreement with the Defendants and to once-again restore him to a non-supervisory position.

3. Love further seeks an order granting him temporary and permanent injunctive relief to restore him to the prior non-supervisory role he occupied and maintained for the prior twenty years since the Stipulation Settlement Agreement was signed.

## II. JURISDICTION AND VENUE

4. This Action is brought under the Declaratory Judgment Statute 28 U.S.C. §§ 2201 and arises from an earlier civil rights action before this Court involving the Plaintiff and Defendant hereto.

5. The Defendant hereto is a U.S. Government Defendant.

6. This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146, nor does it involve the Tariff Act of 1930. Thus, this Court has authority to order the declaratory relief requested under 28 U.S.C. § 2201. If the Court orders such relief, 28 U.S.C. § 202 authorizes

---

the instant Complaint against their successor – the Broadcasting Board of Governors.

this Court to issue injective relief, and 28 U.S.C. § 2412 authorizes this Court to award Plaintiffs their costs and attorneys' fees.

7. A substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred in the District of Columbia. In addition, this suit is being brought against the United States Information Agency, residing in the District of Columbia. Thus, Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e)

### III.   PARTIES

8. Plaintiff Benjamin Love, Jr., is an individual employed by Voice of America, by and through the United States Information Agency.

9. The Defendant, Broadcasting Board of Governors is the overseeing body of Voice of America and other media programs; and took over this role form the United States Information Agency. VOA is the employer of the Plaintiff, and by and through that Employment the Defendant herein oversees the Plaintiff.

### IV.   FACTUAL BACKGROUND

10. On or about August 10, 1998, Mr. Love filed a Complaint in this Court against the USIA alleging discrimination during the course of his employment.

11. The Complaint alleged, inter alia, that Mr. Love was being forced into a supervisory position, against his wishes, which would have the practical effect of stripping him of many rights that he enjoyed in his non-supervisory role.

12. Despite his rejection of the "promotion" to a supervisory role, that was not advertised, or applied for by the plaintiff according to administrative procedures, he was nonetheless put in the role and lost many of his rights, prompting the litigation.

13. The parties engaged in a mediation with Judge Sporkin on or about April 19, 1999 which resulted in the entry of a Stipulation and Settlement (hereinafter "Stipulation Agreement"). *See* Exhibit 1.

14. The pertinent portion of the Stipulation provided that within 30 days of the signing of the stipulation, USIA would "execute all documentation necessary to promote plaintiff non-retroactively to a non-supervisory position at the fifth (5th) step of the GS-14 level." *Id.* at ¶2(a).

15. The lawsuit and stipulations made abundantly clear that Mr. Love did not want to serve in any supervisory role for the Defendant; and the Defendant agreed to restore him to his old position.

16. Mr. Love enjoyed his non-supervisory role pursuant to the Stipulation Agreement for a period of nearly twenty (20) years.

17. In April, 2017, Mr. Love was scheduled for a meeting with Renee Stevens, Andrew Cassells and Benjamin Jonas.

18. During the course of that meeting, Mrs. Stevens, Mr. Cassells and Mr. Jonas tried to convince Mr. Love to become a supervisor, to which Mr. Love responded that he was not interested in any managerial position and that he would not accept one.

19. Mr. Love also referenced the Stipulation Agreement discussed herein, and

his concerns with losing his bargaining units rights and the protection of the overtime requirements under the Fair Labor Standards Act (FLSA).

20. At that meeting, Mr. Love was told that the Stipulation Agreement was inapplicable, which Mr. Love verbally disagreed with.

21. Nothing was resolved at the meeting, but Mr. Love declined any change of his role to that of one including a supervisory role.

22. Despite his position and statements made, he received a notification by e-mail three and a half weeks later that the Agency was nonetheless going to place him into a supervisory role.

23. The resulting effect of this was to strip Mr. Love of his bargaining unit rights, give him a promotion in title only (no monetary raise), and turn him into an exempt employee under the FLSA.

## COUNT I – VIOLATION OF SETTLEMENT AGREEMENT

24. Plaintiff incorporates by reference paragraphs 1-21 herein.

25. The Plaintiff and Defendants predecessor in interest USIA entered into a "Joint Stipulation of Settlement and Voluntary Dismissal" of Case No. 98-1944 pending before this Court on or about April 19, 1999.

26. Pursuant to that Stipulation Agreement, the USIA herein agreed to promote Mr. Love to a non-supervisory position at the fifth (5th) step of the GS-14 level.

27. Voice of America as a program overseen by USIA, and now Broadcasting Board of Governors (hereinafter "BBG"), was required to abide by the Stipulated Settlement Agreement.

28. Mr. Love had filed his initial Complaint because he was promoted to a supervisory role against his wishes.

29. The matter has now come full circle, as despite having been sued by Mr. Love initially for discrimination, which resulted in Mr. Love being awarded a non-supervisory position, and despite restoring him back to that position, as agreed by the Agency, after Mr. Love Volunteered for a 1 year detail in 2003 as the Branch Chief of the TV Maintenance department to assist the Agency in the restructuring of the staff and credibility of the department, the Agency has now placed him in the same role they previously agreed to reverse by and through the Stipulation Agreement.

30. Mr. Love was required to go through many administrative hoops up to and including litigation to place him in a non-supervisory position; and VOA is now placing him back to a supervisory position again.

31. The terms of the Stipulation Agreement are clear; that Mr. Love should be restored to his prior non-supervisory position.

32. The implied terms of the Agreement indicate that Mr. Love had no interest in, and would have no interest in the future in a supervisory role.

33. Despite this knowledge, the VOA once again placed Mr. Love in a supervisory role against his wishes.

34. Plaintiff has been adversely affected as a result of the actions by the Defendant in violating the settlement agreement.

## COUNT II – TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

35. Plaintiff incorporates by reference paragraphs 1-31 herein.

36. This is an action for temporary and permanent injunctive relief which is brought pursuant to applicable law.

37. Plaintiff has a clear right to seek temporary and permanent injunctive relief as BBG, by and through VOA, has violated the Stipulation Agreement by placing the Plaintiff in a supervisory role and depriving him of certain rights that he held as a non-supervisory employee.

38. Plaintiff has no adequate remedy at law to redress the harm complained of, in that he desires to be placed back in the same position he previously held, and which was agreed to by VOA, by and through, USIA in the prior action.

39. Each and every day that passes without the granting of relief deprives the Plaintiff of certain rights as a non-supervisory employee, including union rights and affects his status as a non-exempt employee under the FLSA.

40. There is no harm to the Defendant by returning the Plaintiff to the status quo in his old position that he has maintained for the prior nearly twenty (20) years; and for which the VOA, by and through, USIA agreed to place him as part of a resolution to the last suit involving the same parties.

41. The granting of the relief requested therein is in the public interest, as if a Defendant is allowed to enter into agreements only to violate the same, the public and the Plaintiff will continue to be harmed by these actions.

42. No bond should be required of the Plaintiff to grant the relief requested, as there are no costs or other damages which could be contemplated on the part of the Defendant with the granting of the requested relief for which a

bond would otherwise be necessary.

## **COUNT III – DECLARATORY RELIEF**

43. Plaintiff incorporates by reference paragraphs 1-40 herein.

44. This is an action for declaratory relief which is being brought pursuant to applicable law to declare that Defendant has violated the terms of the Stipulation Agreement signed before this Court in April, 1999 by their predecessor in interest.

45. Plaintiff has no adequate remedy at law with reference to the relief requested herein.

46. As set forth above, Defendant's predecessor in interest entered into a voluntary Stipulation Agreement with the Plaintiff.

47. Despite entering into this Agreement, the Defendant, by and through VOA, nevertheless has taken the Plaintiff out of the position they agreed to place him into pursuant to the Agreement, and placed him in a supervisory position contrary to the terms of the same.

WHEREFORE, the Plaintiff respectfully requests that this Court

1) Find and declare that the Defendant is in violation of the terms of the April 19, 1999 Stipulation Agreement; and

2) That the Court enter an order temporarily and permanently enjoining the Defendant and/or VOA from placing the Plaintiff in a supervisory role; and

3) Enter an order declaring that the Defendant has violated the express and implied terms of the Stipulation Agreement; and

4) Enter an award of attorney's fees and costs in favor of the Plaintiff.

5) For such other and further relief as this Court deems just.

Respectfully submitted,

**AXELSON, WILLIAMOWSKY
BENDER & FISHMAN, P.C.**

By: /s/ Bruce M. Bender
Bruce M. Bender, Esq.
D.C. Bar No.
Justin M. Reiner, Esq.
D.C Bar No. 977638
1401 Rockville Pike, Suite 650
Rockville, MD 20852
(301) 738-7679 (Telephone)
(301) 424-0124 (Facsimile)
JMR@awbflaw.com